IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) |
| | ) CIVIL ACTION NO. |
| Plaintiff, | ) ) C O M P L A I N T ) ) |
| | ) JURY TRIAL DEMAND |
| v. | ) ) ) |
| PULMONARY SPECIALISTS OF TYLER P.A. and SLEEP HEALTH DME, LLC, | ) ) ) |
| Defendants. | ) ) |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Angela Abler, who was adversely affected by such practices.  As alleged with greater particularity in paragraphs 17-22 below, Defendants required that Ms. Abler and other employees complete a Medical Questionnaire that contained unlawful medical inquiries.  Further, Defendants regarded Ms. Abler as disabled and terminated her three days after she disclosed that she had a prior limiting impairment and record of surgery resulting in an assessment of permanent partial disability.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the

**COMPLAINT**
Page 1

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a .  The EEOC also specifically brings this case with respect to a violation of Section 102(d)(4)(A); 42 U.S.C. § 12112(d)(4)(A) of the Americans with Disabilities Act, as amended.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Pulmonary Specialists of Tyler P.A. and Sleep Health DME, LLC operated as a single, integrated enterprise for purposes of the ADA.

5. At all relevant times, Pulmonary Specialists of Tyler P.A. and Sleep Health DME, LLC (the "Employer"), operating as a single, integrated enterprise, has continuously been doing business in the State of Texas and the City of Tyler, and has continuously had at least 15 employees.

6. At all relevant times, Pulmonary Specialists of Tyler P.A. and Sleep Health DME, LLC shared common ownership, which included David I. Jones, who is the President of Pulmonary Specialists of Tyler PA and President/Managing Partner of Sleep Health DME.

Further, Doctors G. David Gass, Ketan Patel and Luis A. Destarac are officers of both Pulmonary Specialists of Tyler PA and Sleep Health DME.

7. At all relevant times, both Pulmonary Specialists of Tyler P.A. and Sleep Health DME, LLC shared a single building and 912 S. Fleishel Avenue, Tyler, Texas and have often listed the same telephone number at which the public could contact the business(es).

8. David I. Jones, who is the President of Pulmonary Specialists of Tyler PA and President/Managing Partner of Sleep Health DME, was directly involved in employment actions affecting Angela Abler, including but not limited to her interview for hire. The Sleep Health Policy and Procedures Manual states that Dr. Jones "supervises all Sleep Health DME, LLC employees."

9. Turinda Crawford, who has been identified by the Defendant as representing the Human Resources Department for Pulmonary Specialists of Tyler, PA, was directly involved in employment actions affecting Angela Abler, including but not limited to her interview for hire and her ultimate termination.

10. Wendy Stapler, General Manager for Sleep Health DME, was directly involved in employment actions affecting Angela Abler, including but not limited to her interview for hire and her ultimate termination.

11. At all relevant times, the Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

12. At all relevant times, the Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

13.     More than thirty days prior to the institution of this lawsuit, Angela Abler filed a charge with the Commission alleging violations of the ADA by Pulmonary Specialists of Tyler, P.A. and Sleep Health DME, LLC.

14.     On May 4, 2018, the Commission issued to Pulmonary Specialists of Tyler, P.A. and Sleep Health DME, LLC. a Letter of Determination finding reasonable cause to believe that the ADA was violated, and inviting the Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

15.     On May 14, 2018, the Commission issued to Pulmonary Specialists of Tyler, P.A. and Sleep Health DME, LLC. a Notice of Failure of Conciliation advising the Employer that the Commission was unable to secure from the Employer a conciliation agreement acceptable to the Commission.

16.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

17.     Angela Abler was hired to work as a Billing/Collections Specialist in June 2013. Upon completion of an application titled: Application for Employment Pulmonary Specialists of Tyler, P.A Tyler Inpatient Management Specialists P.A., Ms. Abler was interviewed for the position by Sleep Health General Manager Wendy Staples along with Turinda Crawford, a person identified as representing the Human Resources Department for Pulmonary Specialists of Tyler.  Before being hired, Ms. Abler was required to have a second interview with Dr. David I.

Jones, who is the President of Pulmonary Specialists of Tyler PA and President/Managing Partner of Sleep Health DME.

18. Since at least August 2014, Defendants have made unlawful medical inquiries of Angela Abler and other employees by requiring that they complete a Medical Questionnaire for reasons that were neither job-related nor consistent with a business necessity.  The Medical Questionnaire asked if employees had any of over 20 listed medical conditions, whether the employee had an impairment or disability, whether the employee had previous surgery or received a permanent disability rating.

19. Ms. Abler was told that Dr. David I. Jones, president of both Pulmonary Specialists of Tyler P.A. and President/Managing Partner of Sleep Health DME, LLC, had requested that employees, including Ms. Abler, complete the Medical Questionnaire.

20. Since at least August 2014, the Employer has engaged in unlawful employment practices in Tyler, in violation of Section 102 of Title I of the ADA, 42 U.S.C. 12112, by terminating Angela Abler from her position because she was regarded as disabled after having disclosed a record or history of disability on the Medical Questionnaire she was required to answer.

21. Ms. Abler was terminated by Sleep Health General Manager Wendy Stapler together with Turinda Crawford, who has been identified as representing the Human Resources Department for Pulmonary Specialists of Tyler, PA.

22. Angela Abler is a person covered by Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  Angela Abler has a record and a history of orthopedic/back impairment.  The Employer regarded Angela Abler as having a disability and terminated her only three days after her disclosure of her prior impairments which included a back injury, back

surgery and permanent disability prognosis. Ms. Abler did not request a reasonable accommodation, and did not request any modification of job duties nor responsibilities to perform the essential functions of her job.

23. The effect of the practices complained of in paragraphs 17-22 above has been to deprive Angela Abler of equal employment opportunities and otherwise adversely affect her status as an employee because of her responses to the unlawful medical inquiry, disclosing a prior impairment history and being regarded as disabled.

24. The unlawful employment practices complained of in paragraphs 17-22 above were intentional.

25. The unlawful employment practices complained of in paragraphs 17-22 above were done with malice or with reckless indifference to the federally protected rights of Angela Abler.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants Pulmonary Specialists of Tyler, P.A. and Sleep Health DME, LLC., their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from discriminating on the basis of disability, record of disability or perceived disability in violation of the Americans with Disabilities Act.

B. Order Defendants Pulmonary Specialists of Tyler, P.A. and Sleep Health DME, LLC., to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, history of disabilities or

perceived disabilities, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendants Pulmonary Specialists of Tyler, P.A. and Sleep Health DME, LLC., to make whole Angela Abler, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement and front pay in lieu thereof.

    D.    Order Defendants Pulmonary Specialists of Tyler, P.A. and Sleep Health DME, LLC. to make whole Angela Abler by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 17-22 above, including but not limited to emotional pain and suffering, inconvenience, embarrassment, humiliation and loss of enjoyment of life in amounts to be determined at trial.

    E.    Order Defendants Pulmonary Specialists of Tyler, P.A. and Sleep Health DME, LLC. to pay Angela Abler punitive damages for its malicious and reckless conduct, as described in paragraphs 17-22 above, in amounts to be determined at trial.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED,

James Lee
Acting General Counsel

Gwendolyn Young Reams
Associate General Counsel

/s/ Robert A. Canino
Robert A. Canino
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Suzanne M. Anderson
Suzanne M. Anderson
Supervisory Trial Attorney
Texas Bar No. 14009470

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2740
Fax No. (214) 253-2749